IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JASON ZUBOV, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 4632 |
| | ) | |
| v. | ) | JUDGE GOTTSCHALL |
| | ) | |
| VILLAGE OF VILLA PARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, JASON ZUBOV, by his attorneys, LOEVY &

LOEVY, and responding to Defendants' Motion to Dismiss Count II as follows:

Plaintiff brought this action under 42 U.S.C. § 1983 after he was brutally

beaten by Defendant Officer Subject inside the Villa Park Police Department in the

presence of other Defendant Officers. Defendant Subject has testified that the severe

facial injuries suffered by Plaintiff were the result of Plaintiff falling "over a cabinet."

*See* Exhibit A (pictures of Plaintiff's injuries which were attached to Plaintiff's initial

Complaint) and Exhibit B (Subject's response to Request to Admit No. 13).

Time and time again, this Court has denied motions to dismiss brought by

police officer defendants predicated on the Intracorporate Conspiracy Doctrine

[hereafter, "ICD"]. This iteration of the argument is no better than any of the others

and must be denied.

I.        Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b), a court must "accept all well-pleaded facts alleged in the complaint as true and must draw all reasonable inferences in favor of the non-movant." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003). A motion to dismiss will succeed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997) (a complaint may be dismissed pursuant to Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

II.       **The Conspiracy Alleged by Plaintiff Does Not Include Routine Collaborative Business Decisions and Thus the ICD Does Not Bar Plaintiff's Conspiracy Claim**

As Judge Leinenweber has explained, the ICD "was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory." *Moreno v. Town of Cicero*, 2002 WL 31017932, at *3 (N.D. Ill. Sep. 5, 2002). Consistent with this purpose, the doctrine does not apply to conspiracies to commit excessive force because, of course, beating citizens in violation of their civil rights does not involve routine business decision-making by police officers. *See McDorman v. Smith*, 2005 WL 1869683, at *6 (N.D. Ill. Aug. 2, 2005) (Rejecting application of the doctrine to § 1983 conspiracies, finding that "the police misconduct alleged here does not fit that mold because conspiracy and cover-up are not the product of routine police department decision-

making"); *Emery v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 2003 WL 22176077, at *4

(N.D. Ill. Sept. 18, 2003) ("it makes sense that the doctrine will rarely, if ever, apply in

police misconduct cases"); *Newsome v. James*, 2000 WL 528475, at *15 (N.D. Ill. Apr. 26,

2000) (The "classic charge of conspiracy" to frame someone simply "does not fit [the]

mold" of intracorporate conspiracy doctrine); *Salto v. Mercado*, 1997 WL 222874, at *1

(N.D. Ill. April 24, 1997) (while a police department cannot conspire with itself when

formulating policy, a charge that "a number of officers took concerted action to work

together to harm" a plaintiff is "a classic charge of conspiracy"); *Williams v. Brown*, 269

F. Supp. 2d 987, 993 (N.D. Ill. 2003) (ICD does not bar suit for police abuses) . *See also*

*Cannon v. Burge*, 2006 WL 273544, at *15 (N.D. Ill. Feb. 2, 2006) (same); *Howard v. Chicago*,

2004 WL 2397281, at *12 (N.D. Ill. Oct. 24, 2004) (same); *Hobley v. Burge*, 2004 WL

1243929, at *11 (N.D. Ill. June 3, 2004) (same).[1]

For example, within the last few months, Judge Moran refused to apply

the doctrine to a plaintiff's allegations of civil rights violations committed by police.

"For the doctrine to apply, the members of the purported conspiracy must work in the

corporation's interest. The deprivation of civil rights could not be a goal of Lake Zurich

. . . The deprivation of civil rights is unlawful and the intra-corporate doctrine only

applies when members of a corporation are jointly pursuing the corporation's 'lawful

business.'" *Sassak v. City of Park Ridge*, 2006 WL 560579, at *9 (N.D. Ill. Mar. 2, 2006)

---

[1] Plaintiff agrees that the Defendant Officers were acting within the scope of their employment, *see, e.g., Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997) (excessive force to coerce confession in scope of employment), but the excessive force alleged here is not the kind of "routine, collaborative business decisions" that the ICD was designed to shield.

(Moran, J.) (citations omitted).

Similarly, Judge Plunkett explained in *Newsome*:

> After reviewing the history of the doctrine, we agree with Judges Holderman, Grady and Zagel that the [ICD] does not shield defendants from §1983 conspiracy claims based on the kind of police misconduct alleged here. The [ICD] was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory. The conduct plaintiff challenges here does not fit that mold. The decision to frame plaintiff for Cohen's murder, as plaintiff alleges it, is not the product of routine police department decision-making. Rather, it is, as Judge Zagel put it, "a classic charge of conspiracy" in which "a number of officers took concerted action. . . to harm a single individual." [*Salto*]. If the facts bear out plaintiff's version of events, the ICD will not shield defendants from his conspiracy claim.

*Newsome*, 2000 WL 528475 at *15.

In short, the doctrine is a poor fit for claims that police officers conspired to deprive a plaintiff of rights under the Constitution. *Ramos v. Town of Cicero*, 2005 WL 1838334, at *3 (N.D. Ill. Jul 28, 2005) ("[T]he weight of authority in this district has rejected the application of the intra-corporate conspiracy doctrine in cases involving allegations of police misconduct."(citation omitted)).[2]

Defendants contend that this case is more akin to two ten year-old cases that dismissed conspiracy claims based on ICD. Mot. at 4, citing *David v. Village of Oak Lawn*, 1996 WL 210072 (N.D. Ill. Apr. 29, 1996) (Gettleman, J.) and *Chavez v. Illinois State*

---

[2]Contrary to Defendants' implicit assertion, (Mot. at 4), Plaintiff does not allege that Villa Park's policy was to violate each and every citizen's constitutional rights. Rather, Plaintiff alleges that the Village's widespread failure to supervise, train, or discipline its officers enabled the Defendant Officers to violate the rights of a particular individual - Plaintiff. This personal bias against Plaintiff prohibits Defendants from use of the ICD. *See Shaw v. Klinkhammer*, 2005 WL 1651179, at *6 (N.D. Ill. July 1, 2005) ("The Seventh Circuit has clarified that the [ICD] does not apply in egregious circumstances where employees 'are shown to have been motivated solely by personal bias.'") (quoted source omitted).

*Police*, 1996 WL 66136 (N.D. Ill. Feb. 13, 1996) (Manning, J.).

Both of the judges who decided these cited cases, however, have since come down on the opposite side of this issue. After deciding *David* (in which the issue was adjudicated without the benefit of briefing by the parties), Judge Gettleman had the opportunity to revisit the topic in another police misconduct case, *McDorman v. Smith*, 2005 WL 1869683 (N.D. Ill. Aug. 2, 2005). Judge Gettleman rejected the police officer defendants' attempt to shield themselves from liability pursuant to the ICD, holding that "the police misconduct alleged here does not fit that mold because conspiracy and cover-up are not the product of routine police department decision-making. Rather, it is, as Judge Zagel noted, 'a classic case of conspiracy' in which a 'number of officers took concerted action ... to harm a single individual.'" *Id.* at *6, *quoting Salto*, 1997 WL 222874, at *1.

Likewise, Judge Manning recently considered a motion to dismiss based on the ICD in the context of a § 1983 suit for police misconduct. *See Ragland v. City of Chicago*, 06 C 738, memorandum opinion dated May 1, 2006 (attached as Exhibit C). In Ragland, the police officer defendants trotted out this same argument to dismiss a conspiracy claim based on the ICD. Judge Manning denied the defendants' motion, stating that "the court ... finds persuasive the reasoning of those cases in which the court concluded that the intra-corporate conspiracy cannot insulate alleged police misconduct." *Id.* at 9.

### Conclusion

Defendants have not pointed to a single judge in this Court who has

agreed with their Motion. The reason is straightforward: Defendants are trying to fit a

square peg into a round hole. The ICD is intended to protect routine decisions made ,

not police officers who conspire to viciously beat citizens. Plaintiff, therefore,

respectfully requests that Defendants' Motion be denied.


RESPECTFULLY SUBMITTED,


_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900


## CERTIFICATE OF SERVICE

I, Russell Ainsworth, an attorney, certify that on June 15, 2006, I delivered
by electronic means a copy of the attached Response to all counsel of record.


_____





EXHIBIT

A



















11860-TRW                          H:\Trw\11860\disc\SubjectReq2AdmitResp.wpd  ATTY # 06184955

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASON ZUBOV,

                    Plaintiff,

     vs.                                    No. 05 C 4632

VILLAGE OF VILLA PARK, OFFICER DAVID        Judge Gottschall
SUBJECT, OFFICER W. LYONS, OFFICER
BREGMAN and POLICE SUPERVISOR M.            Magistrate Judge Denlow
JOHNSON,

                    Defendants.

## OFFICER DAVID SUBJECT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

NOW COMES Defendant, OFFICER DAVID SUBJECT, by and through his attorneys,

NORTON, MANCINI, WEILER & DEANO, and for his response to Plaintiff's First Set of

Requests to Admit, states as follows:

1.     You were acting as an agent of the Department during your interactions with
Plaintiff on August 24, 2003.

**RESPONSE:** Admit.

2.     You were acting under color of law for purposes of Section 1983 during your
interactions with Plaintiff on August 24, 2003.

**RESPONSE:** Admit.

3.     You were on duty as a Villa Park Police Officer during your interactions with
Plaintiff on August 24, 2003.

**RESPONSE:** Admit.

4.     The Village of Villa Park is obliged to indemnify you for any award of



EXHIBIT
B

**RESPONSE:** Admit.

12.    You heard the interaction between Plaintiff and Defendant Subject that led to Plaintiff being physically injured in the Villa Park police station on August 24, 2003.

**RESPONSE:** Admit.

13.    You saw the interaction between Plaintiff and Defendant Subject that led to Plaintiff being physically injured in the Villa Park police station on August 24, 2003.

**RESPONSE:** Admit.

14.    Plaintiff did not assault you on August 24, 2003.

**RESPONSE:** Deny.

15.    Plaintiff did not resist any of your instructions on August 24, 2003.

**RESPONSE:** Deny.

16.    Plaintiff was injured as a result of his interaction with Defendant Subject on August 24, 2003.

**RESPONSE:** Defendant admits that the Plaintiff sustained some small lacerations to his face when he and the undersigned fell over a cabinet in the booking room.

17.    You used excessive force against Plaintiff on August 24, 2003.

**RESPONSE:** Deny.

Respectfully submitted,

By: _____
                    Officer David Subject

Thomas R. Weiler (ARDC No. 06184955)
NORTON, MANCINI, WEILER & DEANO
Attorneys for Defendants
111 West Washington Street, Suite 835
Chicago, IL 60602
(312) 807-4999

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORIAN RAGLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 738 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| CITY OF CHICAGO, ANIMAL | ) | |
| PATROL OFFICER PERCY | ) | |
| WINSTON, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The plaintiff, Dorian Ragland, filed a seven count complaint (the complaint actually

states eight counts but Ragland has voluntarily dismissed Count VI, his state law false

arrest/unlawful detention claim) against the City of Chicago. The counts are labeled as follows:

Count I–due process under 42 U.S.C. § 1983; Count II–false arrest/unlawful detention under 42

U.S.C. § 1983; Count III– failure to intervene under 42 U.S.C. § 1983; Count IV–conspiracy to

deprive constitutional rights under 42 U.S.C. § 1983; Count V– state law malicious prosecution

claim; Count VI–voluntarily dismissed; Count VII–state law respondeat superior claim, and;

Count VIII–state law indemnification claim. The City is also named as a defendant under a

*Monell* theory in each of the federal claims.

The defendant City moves to dismiss Counts I through V. Defendant animal control

officer Percy Winston also joins the City's motion to dismiss and, in the alternative, seeks a more

definite statement, asserting that he cannot discern which counts are alleged against him and

which are directed toward the defendant unknown Chicago police officers. For the reasons stated



EXHIBIT
C

"Defendant officers . . . deprived Plaintiff of his constitutional right to a fair trial." Count I goes on to provide that "[i]n the manner described more fully above, the Defendants deliberately destroyed and/or withheld exculpatory evidence, was well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of Plaintiff." Comp. at ¶ 4.

These allegations provide enough facts so that the defendants may properly respond. Additional details may be obtained through properly phrased interrogatories, document requests, and requests for admission. Accordingly, the motion to dismiss Count I as time-barred is denied. Further, because the "timeliness analysis for accrual of conspiracy actions is the same as that for the underlying acts," *Hobley,* 03 C 6378, 2004 WL 2658075, at *6, the court denies the motion to dismiss the conspiracy charge in Count IV based upon the alleged due process violations alleged in Count I. The motion for a more definite statement as to Count I is also denied.

The City also moves to dismiss the conspiracy count (Count IV) on two other grounds: (1) Ragland's allegations of conspiracy are not pled with sufficient particularity; and (2) the intra-corporate conspiracy doctrine precludes Ragland's allegations of conspiracy. The court will address the latter argument first.

The City asserts that the conspiracy count must be dismissed because it violates the intra-corporate conspiracy doctrine under which a corporation cannot conspire with its own agents or employees. *See Allen v. City of Chicago*, 828 F. Supp. 543, 564 (N.D. Ill. 1993) (finding conspiracy claim against the City, the City Council, Mayor Daley and the Commissioner of the Department of Personnel to be barred by the intra-corporate conspiracy doctrine).

However, as noted by Ragland, "the weight of authority in this district has rejected the

Page 8

application of the intra-corporate conspiracy doctrine in cases involving allegations of police misconduct." *Ramos v. Town of Cicero*, 04 C 2502, 2005 WL 1838334, at *3 (N.D.Ill. July 28, 2005) (*citing Hobley v. Burge*, No. 03 C 3678, 2004 WL 1243929, at *11 (N.D.Ill. June 3, 2004) (citing cases)). *See also Sassak v. City of Park Ridge*, 05 C 3029, 2006 WL 560579, at *9 (N.D. Ill. March 2, 2006) (denying motion to dismiss on § 1983 police misconduct case and stating "[t]he deprivation of civil rights is unlawful and the intra-corporate doctrine only applies when members of a corporation are jointly pursuing the corporation's 'lawful business.'") (*citing Wright v. Illinois Dept. of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir.1994) (*quoting Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1992)).

The court acknowledges that there appears to be disagreement as to whether the doctrine applies to police misconduct cases. *See McDorman v. Smith*, 05 C 0448, 2005 WL 1869683, at *5 (N.D.Ill. Aug. 2, 2005) (citing cases). The court, however, finds persuasive the reasoning of those cases in which the court concluded that the intra-corporate conspiracy cannot insulate alleged police misconduct. *Shaw v. Klinkhamer*, 03 C 6748, 2005 WL 1651179, at * 6 (N.D. Ill. July 1, 2005) ("The Seventh Circuit has clarified that the intracorporate conspiracy doctrine does not apply in egregious circumstances where employees 'are shown to have been motivated solely by personal bias.'") (*citing Hartman v. Board of Trustees of Community College Dist. No. 508*, 4 F.3d 465 at 470 (7th Cir. 1993)). Thus, the court will not dismiss the conspiracy claim based on the intra-corporate conspiracy doctrine.

The City also contends that the conspiracy claim is inadequately pleaded. As the Seventh Circuit has recently stated:

Although conspiracy is not something that Rule 9(b) of the Federal Rules of Civil